IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAMID A. MU'MIN, formerly known as DONALD DAY, also known as DONALD DAY, <br><br> Plaintiff, <br><br> v. <br><br> SUPERINTENDENT WINGARD, <br><br> Defendant. | Civil Action No. 2:15-30 <br><br> United States Magistrate Judge Cynthia Reed Eddy |

## MEMORANDUM OPINION[1]

CYNTHIA REED EDDY, United States Magistrate Judge.

### I. INTRODUCTION

Presently before the Court is Defendant Superintendent Wingard's Motion to Dismiss Plaintiff Hamid Mu'min Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 36]. Plaintiff has not responded to the motion, and the time for responding has passed. Therefore, in the absence of any timely response by Plaintiff, the Court will deem the motion to dismiss to be ripe for resolution. For the reasons that follow, Superintendent Wingard's motion to dismiss is **GRANTED**.

### II. BACKGROUND

Plaintiff is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") and is currently confined at the State Correctional Institution at Somerset ("SCI-Somerset"). Plaintiff generally alleges that he has been denied the use of his legal name at SCI-

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

Pittsburgh, where he was formerly confined, and was also denied the use of his legal name at SCI-Somerset following his transfer to that institution. Plaintiff pleaded guilty and was committed under the name Donald Day. *See* Court of Common Pleas of Philadelphia County Criminal Docket Sheets CP-51-CR-0008441-2011; CP-51-CR-0000163-2012; Commonwealth of Pennsylvania Sentence Status Summary Donald Day KZ-5237 [ECF No. 36-1]. Plaintiff alleges that he is Muslim and while incarcerated at SCI-Pittsburgh, he attended the religious library between February 2014 and September 2014 and "[d]uring one visit Rev. Hooker felt the need to know why I was signing my library card with my Islamic name. I shared with her that my name was legally changed in 1991 roughly 23 years ago." Compl. [ECF No. 3] at ¶ 1. In response, Rev. Hooker asked Plaintiff under what name he received mail, to which he replied "it comes under both." *Id*. Plaintiff alleges that Rev. Hooker

> showed her resentment towards Islam when she declined to put her name on my certificate because Deacon Tom was teaching a class on 'Authentic Manhood" I asked him to put my legal name on the certificate, which he had no problem with sense [sic] I showed him the legal paper work required for my request. However, Rev. Hooker refused to sign unless Deacon Tom used a false name and then she would sign.

*Id*. It is unclear from the complaint what the allegedly unsigned certificate specified, but Plaintiff alleges that he tried to obtain "legal documents" to substantiate the use of his religious name on the aforementioned certificate. *Id*. at ¶ 2. Plaintiff was then transferred to SCI-Somerset in October 2014. *Id*.

Plaintiff alleges that he continued his efforts for his name change at SCI-Somerset and was informed that he should "write his trial Judge and the Chief of council [sic] and after [he attempted] that[,] the State would still not correct their records or allow me the use of my name because it creates a problem for the State to correct their records to show my true name." *Id*. at ¶ 6. Plaintiff alleges that "Supt. Wingard[] has failed to respond on every occasion. He has yet to

respond to my request of Staff or call me to his office. I have offered to show my legal documents and no-one wants to take a look. Not Supt. Wingard either of the Deputies nobody [sic]. Everyone has just treated my request as if it were a joke." *Id.* at ¶ 7. Plaintiff alleges that he wrote numerous grievances which were rejected, but does not specify the substance of his complaints. *Id.* at ¶ 9.

Plaintiff brought the instant action on January 22, 2015 against myriad DOC defendants claiming that "fiduciary" law was violated. *Id.* at p. 2. Defendants, including Superintendent Wingard, collectively moved to dismiss Plaintiff's complaint on August 11, 2015. On September 21, 2015, Plaintiff voluntarily dismissed all of the named defendants from his case, save Superintendent Wingard. *See* Order of 9/22/2015 [ECF No. 42] (granting Plaintiff's motion to dismiss defendants and dismissing those defendants from the case with prejudice). After a series of extensions, summarized *infra*, the Court informed Plaintiff that he must file either an amended complaint or a response to the Motion to Dismiss by December 3, 2015. As of this date, Plaintiff has not responded to the motion to dismiss, nor has he filed an amended complaint.

### III. STANDARD OF REVIEW

A. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982).

In a section 1983 action, the court must liberally construe a *pro se* litigant's pleadings and "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a [Section] 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.

Because the instant Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate, including construing his complaint to include applicable law. Specifically, while Plaintiff claims that federal "fiduciary law" was violated, the Court knows of no federal and/or constitutional "fiduciary law" that would apply in this case. In accordance with the applicable standard, Plaintiff's complaint will be construed to assert a First Amendment Free Exercise claim pursuant to 42 U.S.C. §1983.

    B.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) – The Legal Standard

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is

proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561 (citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). The factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding all legal conclusions. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130-31 (3d Cir. 2010). Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotations omitted). A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may take into consideration "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Although a district court may not generally consider matters extraneous to pleadings when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), it may consider documents <u>integral to or explicitly relied upon</u> in a complaint without converting the motion to dismiss into a motion for summary judgment. *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 (3d Cir. 2010); *In re Burlington Coat Factory Sec.*

5

*Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis added). Accordingly, the Court may take into consideration Plaintiff's criminal docket sheets, Plaintiff's sentence status summary and the DOC inmate locator sheet Defendant attached to the motion to dismiss without converting the motion into one for summary judgment.

IV. **DISCUSSION**

While "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution[,]" *Turner v. Safley*, 482 U.S. 78, 84, 107 S. Ct. 2254, 2259, 96 L. Ed. 2d 64 (1987), "inmates' constitutional rights must in some respects be limited in order to accommodate the demands of prison administration and to serve valid penological objectives." *Fraise v. Terhune*, 283 F.3d 506, 515 (3d Cir. 2002) (citing *Turner*, 482 U.S. at 84). Under this framework, it is well-established that prisoners may bring legal action for violations of their free exercise rights protected by the First Amendment. *See* U.S. Const. amend. I; *Turner*, 482 U.S. at 84. Other circuits have determined that inmates have a First Amendment right in using their legally changed religious names, at least in conjunction with their commitment names. *See Fawaad v. Jones*, 81 F.3d 1084, 1086 (11th Cir. 1996); *Malik v. Brown*, 71 F.3d 724, 727 (9th Cir.1995); *Salaam v. Lockhart*, 905 F.2d 1168, 1170 (8th Cir.1990), *cert. denied*, 498 U.S. 1026, 111 S.Ct. 677, 112 L.Ed.2d 669 (1991); *Felix v. Rolan*, 833 F.2d 517, 518-19 (5th Cir.1987) (per curiam); *Barrett v. Virginia*, 689 F.2d 498, 501 (4th Cir.1982).

Here, Plaintiff pleaded guilty to certain crimes and was committed under the name "Donald Day." However, he alleges that his name was legally changed in 1991 to "Hamid A. Mu'Min" in observance of his Muslim religion. Even taking all of the allegations in the complaint as true, the Court cannot glean from the complaint how Plaintiff's constitutional rights were curtailed. Seemingly, the only alleged wrongdoing Plaintiff asserts is that Rev. Hooker –

6

who has been voluntarily dismissed from this case with prejudice – failed to sign a "certificate" with Plaintiff's religious name on it. It is wholly unclear whether Plaintiff is alleging that he requested a name change from SCI-Pittsburgh and/or SCI-Somerset and the institutions refused to do so, or whether he was retaliated against for using his religious name. While a court may reasonably read a *pro se* complaint to state a valid claim and make inferences in a *pro se* plaintiff's favor, it is not appropriate for a court to speculate the factual substance of a complaint and issue a hypothetical ruling therefrom. To do so would amount to the issuance of a purely advisory opinion. Plaintiff's complaint, as presently pleaded, is vague and does not contain enough factual matter to state any cognizable claim, including a First Amendment claim. Defendant's motion to dismiss shall accordingly be granted.

Next, because a party shall freely be given leave to amend his complaint when justice so requires, the Court will discuss whether Plaintiff should be entitled to an opportunity to amend his complaint. A party may amend pleadings under Federal Rule of Civil Procedure 15 once as a matter of course within 21 days of serving it or 21 days after the service of a responsive pleading or motion under Rule 12(b), (e), or (f). After this, a party may amend pleadings only with the opposing party's written consent or with leave of court. Fed. R. Civ. P. 15(a)(2). Rule 15 specifies that leave to amend "shall be freely given when justice so requires." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990); Fed. R. Civ. P. 15(a)(2). "The policy favoring liberal amendment of pleadings is not, however, unbounded." *Dole*, 921 F.2d at 487. Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

7

In the present case, Plaintiff was informed on August 14, 2015 that he needed to either submit an amended complaint or a response to the motion to dismiss by September 16, 2015. [ECF No. 38]. The Court then gave Plaintiff an extension of time to submit an amended complaint. [ECF No. 40]. Instead of submitting an amended complaint, Plaintiff voluntarily dismissed numerous defendants from the case. [ECF Nos. 41, 42]. Plaintiff was again informed that he shall file an amended complaint by October 16, 2015. [ECF No. 42]. After Plaintiff failed to do so by that date, the Court *sua sponte* extended the time for Plaintiff to submit his amended complaint and granted him until December 3, 2015 to do so. [ECF No. 43]. The Court informed Plaintiff that if he did not file an amended complaint by that date, the original complaint would be the operative complaint. *Id*. Plaintiff has not filed an amended complaint nor has he responded to the motion to dismiss. Accordingly, Plaintiff has repeatedly failed to avail himself of this Court's authorization to submit an amended complaint on numerous occasions. The Court finds that it would not be in the interests of justice to permit Plaintiff to amend his complaint and accordingly, his complaint is dismissed with prejudice. *Cf. In re Cybershop.com Sec. Litig.*, 189 F.Supp.2d 214, 236 (D.N.J. 2002) (denying leave to amend finding plaintiff "had ample opportunity to craft a sufficiently pled complaint"); *Carpenter v. Ashby*, No. CIV A 06-1451, 2007 WL 437847, at *4 (E.D. Pa. Jan. 25, 2007) aff'd, 351 F. App'x 684 (3d Cir. 2009) (dismissing *pro se* plaintiff's complaint with prejudice for "repeated failure to cure deficiencies" in the complaint).

V. **CONCLUSION**

Based on the foregoing, Defendant's Motion to Dismiss [ECF No. 36] is granted and Plaintiff's complaint is dismissed with prejudice. An appropriate Order follows.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: HAMID A. MU'MIN
KZ-5237
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510
PRO SE

All registered counsel via CM/ECF electronic filing